**Julia L. BOSTON, Trustee in Bankruptcy of the Estate of Luella V. Gardner, Appellant,**

v.

**Luella V. GARDNER, Bankrupt, Appellee.**

**No. 20400.**

United States Court of Appeals
Ninth Circuit.

July 11, 1966.

Julia L. Boston, Portland, Or., in pro. per.

Robert L. Olson, Portland, Or., for appellee.

Before MERRILL and KOELSCH, Circuit Judges, and BOWEN, District Judge.

MERRILL, Circuit Judge:

By decree of divorce entered some years ago appellee, now an Oregon bankrupt, was awarded custody of the minor child of the parties to the marriage, and the father was ordered to pay $40 per month for support of the child. At the time of bankruptcy the father was in arrears in making support payments.

The trustee, on behalf of creditors of the bankrupt, claimed the judgment for accrued support payments as an asset of the bankrupt's estate. A payment offered in full satisfaction of that judgment was made by the father. The trustee here, over appellee's opposition, seeks recovery of that payment and a declaration of her authority to enter satisfaction of judgment.

The referee ruled in favor of the trustee. Upon review, the District Court reversed, and this appeal by the trustee followed.

The District Court, after carefully considering and analyzing such Oregon law as had found expression, concluded that in Oregon a custodial parent deals with support payments in a fiduciary capacity, either as trustee or natural guardian, and thus "lacks ownership for bankruptcy purposes of the choses in action here involved."

The trustee here contends that accepting the fiduciary status of the bankrupt, the record clearly establishes that as to the arrearages the bankrupt had a right to reimbursement which freed the payment in question from its character as trust property. The record shows that following divorce, and during the period when arrearages in support payments were accumulating, the bankrupt, through her own efforts and resources, provided fully for all needs of the child. There can be no doubt that the money amount of such provisions exceeded the amount here involved.

As to trusts generally it is stated in Scott on Trusts, § 268.3, page 2081:

"If * * * [the trustee] has out of his own funds discharged the liability [of the trust] he is then entitled to reimbursement out of the trust funds, and this right to reimbursement is an asset which his private creditors may reach."

Accepting the proposition that the mother's right to reimbursement is an asset which her creditors may reach, it does not follow that her right to reimbursement has attached to the sums in question under the facts of this case. The mother's status differs from that of the ordinary trustee, such as a trust company serving as guardian. In addition to the fiduciary obligation established by the divorce decree, she has her own duty of support, to the extent of her ability, when the husband is in default or the child's needs exceed the husband's contribution. See Ore.Rev.Stat. §§ 108.-040, 109.100 (1953).

It may well be that this parental obligation would not support a claim on behalf of the child, prior to that of the trustee, against the general assets of the bankrupt mother. The funds here in issue, however, have their origin as trust assets for the child's support. In view of this origin and the mother's own support obligation, in our judgment her right of reimbursement cannot prevail over the child's claims.

Only to the extent that it can be clearly shown that obligations to the minor child, either present or during the future period of his minority, make no demand upon the sums involved, and that those sums accordingly are wholly free from both fiduciary and parental obligations of the mother, can it be said that the mother's right of reimbursement has attached. Such showing has not been made here.

Judgment affirmed.