DONALD NEUMANN AND GLENDA NEUMANN, APPEL-
LANTS, *v.* FLORENCE McMILLAN A/K/A FLORENCE
KING AND ALICE CARROLL, RESPONDENTS.

No. 12090

June 26, 1981 629 P.2d 1214

*Rogers, Monsey, Woodbury & Berggreen,* Las Vegas, for
Appellants.

*Monte J. Morris,* Las Vegas, for Respondents.

## OPINION

*Per Curiam:*

In this appeal we must determine whether there is substantial
evidence to support the trial court's finding that the family resi-
dence was community property. We determine that the trial
court's finding is so supported by the evidence, and affirm.

In 1967, Barton and Florence King, while married and with community funds, acquired title to a family residence as "husband and wife, as joint tenants." In June of 1973, Mr. King filed for divorce alleging that the residence was community property. In August of 1973, Mrs. King, (now respondent McMillan) filed her answer similarly alleging that the property was community in nature.

In September of 1973, Mr. King executed to his sister and brother-in-law (appellants Neumann) a promissory note for $4,500. The promissory note was secured by a recorded deed of trust using the residence as collateral. It is undisputed that both the promissory note and deed of trust were executed without Mrs. King's knowledge. In December of 1973, the district court, in granting the divorce, approved the Kings' property settlement agreement whereby Mrs. King received the above residence "subject to encumbrances of record."

Thereafter, in attempting to sell the residence, Mrs. King became aware of the encumbrance on the property. She seasonably filed an action to quiet title (void the deed of trust) on the basis that the encumbrance upon the community property without her consent violated NRS 123.230.[1] Based upon the following findings of fact, the district court rendered judgment for Mrs. King: (1) there was substantial evidence to show that notwithstanding the form of the deed, the parties intended the residence to be community property; and (2) because Mrs. King had no knowledge of the encumbrance placed upon the community property by Mr. King during the pendency of the divorce, she did not ratify said encumbrance by signing the property settlement agreement. From the judgment, the Neumanns appeal.

NRS 123.230(3) provides that neither spouse may "sell, convey, or encumber the community real property without the other spouse joining in the execution." However, the statute does not apply when spouses hold the property "not as community property but rather as joint tenants." Allen v. Hernon, 74 Nev. 238, 242, 328 P.2d 301, 304 (1958).

The fact that a deed to property owned by a husband and wife is taken in joint tenancy "raises a rebuttable presumption that the property was, in fact, held in joint tenancy." Peters v. Peters, 92 Nev. 687, 691, 557 P.2d 713, 715 (1976). The trial

---

[1]NRS 123.230 provides in part: "Neither spouse may sell, convey or encumber the community real property unless both join in the execution of the deed or other instrument . . . ."

court held that Florence McMillan had shown that "notwithstanding the form of the Deed, the parties intended the property to be community property."

 █

There is ample evidence supportive of the court's determinatin of the community nature of the property. The property was purchased with community funds. Florence McMillan stated in her affidavit that Barton King had indicated to her that any interest that they had in the property was community property. Two months prior to obtaining the loan and executing the deed of trust, both Mr. King and Florence King alleged in their divorce pleadings that the property was community property. We conclude that there is substantial evidence to support the trial court's determination.

The remaining issues being without merit, we affirm.