ALICE A. GRAHAM, Appellant, *v.* RUSSELL E. GRAHAM, JR., Respondent.

No. 17988

August 31, 1988                                        760 P.2d 772

*Guild & Hagen, Ltd.,* and *Ann Morgan,* Reno, for Appellant.

*Richard S. Staub,* Carson City, for Respondent.

---

## OPINION

*Per Curiam:*

This is an appeal from a judgment awarding a decree of divorce and a division of property. For the reasons set forth in this opinion, we reverse part of the judgment and remand for further proceedings.

Appellant assigns as error the district court's award of the Grahams' residence to Russell Graham as his sole and separate property. We agree. At the time of the marriage between the parties in 1979, the residence was owned by Russell. However, he quitclaimed his interest in favor of himself and Alice as joint tenants in 1984. The deed was promptly recorded.

A transfer of title from husband to wife creates a presumption of gift. Todkill v. Todkill, 88 Nev. 231, 237, 495 P.2d 629, 632 (1972). This presumption can be rebutted only by clear and convincing evidence. Furthermore, it is well established that the existence of a valid deed in the form of joint tenancy raises a presumption that the parties intend to own the property as joint tenants, which may be rebutted only by clear and convincing evidence. Neumann v. McMillan, 97 Nev. 340, 629 P.2d 1214 (1981); Peters v. Peters, 92 Nev. 687, 557 P.2d 713 (1976). We have stated that the opinion of either spouse is of no weight. The party who wishes to overcome the presumption may do so by presenting *substantial* evidence of conduct, expressions or intent at the time of taking or during the holding of the real property. *Peters, supra,* 92 Nev. at 692, 557 P.2d at 716.

Russell Graham had the burden of proving that the deed did not create a joint tenancy at the time it was prepared, signed and recorded. His only evidence is his testimony that he did not intend the deed to have any effect until the time of his death. Russell's testimony is nothing more than his opinion, which is insufficient to rebut the presumption of joint tenancy created by the deed. The district court erred in finding that the presumption had thus been rebutted by clear and convincing evidence.

Alice Graham further disputes the award of her husband's business to him as his sole and separate property. We note that the business was financed by Russell's separate property, and that Russell drew a substantial salary during the marriage which concededly was treated as community property. We therefore decline to disturb the award of the district court. Alice also complains that the division of the horse breeding partnership was erroneous in that some of the smaller assets were not divided by the award. Upon remand, the district court should re-examine its award to make certain that all of the assets have been divided. Finally, Alice complains that her cost of obtaining an appraisal of the residence property was not reimbursed to her. While we are reluctant to overturn a district court's decision regarding divorce costs, we note that the basis for the denial was the court's decision that the residence was Russell's separate property. Therefore, the court may wish to reconsider the appraisal reimbursement.

The judgment dividing property is affirmed in part, as noted above. The case is hereby remanded with instructions to modify the judgment by providing that the deed executed in 1984 created a joint tenancy in the residence, and for further proceedings in accordance with this opinion.