CAROLYN NELL DANIEL, Appellant/Cross-Respondent, *v.* MARIA A. BAKER, Special Administratrix of the Estate of THOMAS HENRY DANIEL, Jr., Respondent/Cross-Appellant.

No. 19593

June 28, 1990                                        794 P.2d 345

[Rehearing denied August 21, 1990]

*Mark Brandenburg,* Las Vegas, for Appellant/Cross-Respondent.

*Joseph and Daniel Foley,* Las Vegas, for Respondent/Cross-Appellant.

## OPINION

*Per Curiam:*

Appellant/cross-respondent Carolyn Nell Daniel (Carol) and

respondent/cross-appellant Thomas Henry Daniel, Jr. (Tom) met in Georgia in 1967. Carol, who was twenty years younger than Tom, had an eighth-grade education and was working in a bowling alley. Tom had a post-graduate education and had retired from his family's life insurance business. Shortly after they started dating, Carol became Tom's live-in housekeeper. On March 12, 1972, they were married in Las Vegas. Tom was sixty-three and Carol was forty-three. At the time of their marriage, Tom had Carol sign an antenuptial agreement and a postnuptial agreement ("the agreement"), in which Carol purportedly agreed to give up her rights to community property and alimony in exchange for $5,000.00.

After fifteen years of marriage, Carol filed for divorce. A bifurcated proceeding followed. One proceeding concerned the validity of the agreement. A hearing was held before a domestic relations referee who determined that the agreement was unenforceable with respect to alimony and community property. The district court adopted and affirmed that ruling. The second proceeding concerned alimony and property issues. The district court determined that Carol had almost no assets. It further determined that Tom's net worth was approximately two million dollars and his income was nearly $10,000.00 per month. The district court awarded Carol alimony of $1,250.00 per month, and determined that Tom had made a gift to Carol of a Mercedes Benz and that Carol was entitled to $15,000.00 in attorney's fees.

Carol, who is now sixty, filed an appeal, in which she argued that the amounts of alimony and attorney's fees were too low and that she was entitled to an award of alimony which would extend beyond Tom's death. Tom filed a cross-appeal, in which he challenged the determinations regarding the validity of the agreement and the making of a gift.

On the eve of oral argument before this court, Tom, who was eighty years old, passed away. We requested additional briefing regarding the impact of Tom's death on the appeal and cross-appeal. Because we hold that the district court erred in not awarding Carol alimony to extend beyond Tom's death, we reverse and remand this case to the district court for a determination of the proper amount of permanent or lump sum alimony to be awarded. We affirm all other aspects of the district court's decision.

Carol contends that the district court abused its discretion when it denied her request for permanent or lump sum alimony. Tom's counsel responds that this court should no longer consider issues raised by Carol's appeal because the general rule is that when a party to an appeal of a divorce decree dies, the appeal

abates unless property rights are involved. *See, e.g.,* Bank v. Wolff, 66 Nev. 51, 54-55, 202 P.2d 878, 880 (1949). None of the cases cited by Tom dealt with the issue of permanent or lump sum alimony, however. NRS 125.150(5) states that "[i]n the event of the death of either party . . . all the payments required by the decree must cease, *unless it was otherwise ordered by the court.*" (Emphasis added.) Because Carol alleges that it was error for the court not to have "otherwise ordered" permanent or lump sum alimony, the proper application of NRS 125.150(5) is brought to issue by this appeal. Accordingly, we hold that this aspect of Carol's appeal does not abate despite Tom's untimely death. *Cf.* Kishner v. Kishner, 93 Nev. 220, 225, 562 P.2d 493, 496 (1977) (lump sum alimony, whether payable in lump sum or installments, is not subject to termination upon the death of one of the parties).

This court will not disturb the district court's grant or denial of permanent or lump sum alimony absent an abuse of discretion. *See* Fenkell v. Fenkell, 86 Nev. 397, 402, 469 P.2d 701, 704 (1970). NRS 125.150(4) provides that the court may set apart a portion of the husband's property for the wife's support as is deemed just and equitable. This provision allows a lump sum award. Sargeant v. Sargeant, 88 Nev. 223, 229, 495 P.2d 618, 622 (1972). At the time of the divorce, Tom, who was much older than Carol, was in poor health and had a much shorter life expectancy than Carol. Because of his substantial wealth, an award of permanent or lump sum alimony would not have substantially depleted his assets. Carol, by contrast, had few assets or hopes of employing herself. Tom's death left her with essentially no means of support, yet she likely has many more years to live. An award of alimony to extend beyond Tom's death would, under the circumstances of this case, have been just and equitable. Accordingly, we hold that the district court abused its discretion in not awarding permanent or lump sum alimony. *Cf. id.* at 228-29, 495 P.2d at 621-22 (lump sum award of over $331,000.00 upheld where husband's net worth was three million dollars, husband was twenty years older and had a much shorter life expectancy than wife, and possibility existed that husband might dissolve his assets in recrimination against wife).

Consequently, we reverse and remand this case to the district court for a determination of the proper amount of permanent or lump sum alimony to be awarded. We have carefully reviewed the other issues raised on appeal and cross-appeal, and determine that they lack merit or abated upon Tom's death. Accordingly, we affirm all other aspects of the district court's decision.