**In re Nancy Lee ANDERS, Debtor.**

**Bankruptcy No. BK–S–91–24783–LBR.**

United States Bankruptcy Court,
D. Nevada.

March 10, 1993.

---

**1.** 11 U.S.C. § 1327(b).

**2.** 11 U.S.C. § 1327(a).

Edward S. Coleman, Edward S. Coleman, a Professional Law Corporation, Las Vegas, NV, for petitioner.

Terry V. Leavitt, Graves & Leavitt, Las Vegas, NV, for respondent.

## MEMORANDUM DECISION REGARDING DEBTOR'S COUNTERMOTION FOR TURNOVER OF FUNDS

LINDA B. RIEGLE, Bankruptcy Judge.

On January 14, 1993, this Court heard oral argument on Debtor's Countermotion for Turnover of Funds. After having considered all of the papers and pleadings on file in this case, and having heard and considered arguments of counsel for the parties, the Court finds it appropriate to partially grant Debtor's Countermotion.

## Factual Background

Debtor, Nancy Lee Anders, filed a voluntary petition under Chapter 13 of the Bankruptcy Code on December 6, 1991. Her case was converted to Chapter 7 on March 26, 1992. Prior to the date on which she filed her petition, Debtor obtained a divorce from her former husband, Joseph Anders, in the Eighth Judicial District Court in and for Clark County, Nevada (the "Divorce Court"). The Divorce Court in its decree ordered, among other things, that Joseph Anders pay Debtor $1,500 per month as spousal support and $1,000 per month as child support.

Joseph Anders failed to comply with the support order, and Debtor instituted proceedings in the Divorce Court to enforce the order, prior to the date on which she filed her petition under Chapter 13. On February 15, 1991, the Divorce Court determined that Joseph Anders was in arrears in payment of the spousal and child support in the amount of $14,238.54.

Debtor found it necessary to bring further enforcement proceedings in the Divorce Court, after she had filed her petition under Chapter 13. On or about August 4, 1992, the Divorce Court entered a judgment in Debtor's favor against Joseph Anders for $30,188.48 in past due spousal support and $7,726.47 in past due child support.[1] Of the spousal support award, $20,599.71 constituted support payments which were due to Debtor prior to the date she filed her petition under Chapter 13, and $9,628.60 constituted support payments which were due to Debtor after she filed her petition.

Debtor contends that the spousal and child support arrearage amounts are not property of her bankruptcy estate and that she is entitled to payment of the full amount of the judgment. The Trustee contends that the support arrearages are property of the estate for which there is no exemption, and that the estate is entitled to payment of the full amount of the judgment. Joseph Anders has issued a check in the full amount of the judgment, which is being held in escrow pending this Court's decision.

## Issues

1. Whether a judgment awarding arrearages in child support payments are property of the custodial parent's bankruptcy estate.

2. Whether a judgment awarding arrearages in spousal support payments are property of the recipient's bankruptcy estate.

3. If the child or spousal support payments are property of the debtor's estate, whether those payments may be exempted from that estate.

4. Whether child and/or spousal support payments which have not yet accrued are property of the recipient's bankruptcy estate.

## Legal Discussion

 The scope of property rights and interests encompassed by § 541 of the Bankruptcy Code is very broad.[2] That section provides, *inter alia*, that all legal or equitable interests of a debtor in property as of the commencement of the case are property of the estate. 11 U.S.C. § 541(a)(1) (1992). All such interests in property are included as property of the estate, whether the estate is being reorganized or liquidated. *In re Gerwer*, 898 F.2d 730 (9th Cir.1990). Moreover, the conditional, future, speculative, or equitable nature of an interest does not prevent it from becoming property of the bankruptcy estate. *In re Anderson*, 128 B.R. 850 (D.R.I.1991).

 Since § 541 does not specify what is or is not an interest in "property" for the purpose of determining what comprises a debtor's estate, this Court must look to state law to determine which interests of

---

1. The $7,726.47 amount included $1,086.64 as medical expense reimbursement.

2. Unless otherwise indicated, all statutory citations refer to the United States Bankruptcy Code, 11 U.S.C. § 101–1330 (1992).

Debtor are properly included in her estate.[3] *See In re Reed,* 940 F.2d 1317 (9th Cir. 1991). This is especially true in the area of domestic relations, since "Congress was undoubtedly aware [that the] United States courts have no jurisdiction over divorce or alimony allowances." *In re Spong,* 661 F.2d 6, 9 (2d Cir.1981). *See also Matter of Catlow,* 663 F.2d 960 (9th Cir.1981).

Child Support Payments

■ The issue before this Court with respect to child support payments is whether Debtor has a property interest in payments made or to be made by Joseph Anders for the support of their minor children. The Nevada statutes are similar to most states' child support statutes in that they do not expressly determine ownership of child support payments. However, Chapter 125B was clearly established to protect the right of children to be supported by their parents. *See* Nev.Rev.Stat. §§ 125B.010–125B.300 (Michie 1991). Specifically, the Nevada legislature has provided for the ability of the custodial parent to demand payment *on behalf of a minor child,* and for the calculation of child support payments in order to meet *the basic needs of a child.* Nev.Rev.Stat. § 125B.050(1), § 125B.080(5) (Michie 1991).

The emerging view in a number of jurisdictions is that child support is a property interest belonging to the child. The custodial parent merely has a right to enforce the child's property interest. *See In re Gardner,* 243 F.Supp. 258 (D.Or.1965); *In re Welch,* 31 B.R. 537 (Bankr.D.Kan.1983). One court has held that the magic words "owing a duty of support to a child of the marriage," which are similar to the words used in Nevada's Chapter 125B, indicate that the order of child support, while payable to and enforceable by the custodial parent, is actually property of the child. *In re Prettyman,* 117 B.R. 503 (Bankr. W.D.Mo.1990). The Oregon District Court in *Gardner,* while not going so far as to characterize the custodial parent as a trustee, found that the custodial parent, as a

"natural guardian" for the child, lacks ownership of the chose in action for child support since the chose "... could neither survive her, nor be levied upon, seized, impounded or sequestered in a proceeding against her in her personal capacity." *Gardner,* 243 F.Supp. at 261; *see also Boston v. Gardner,* 365 F.2d 242 (9th Cir. 1966). If the interest of the custodial parent in child support payments is not within the reach of her creditors outside of bankruptcy, it should not be within their reach in bankruptcy.

Moreover, § 541(b) excepts from property of the estate powers which are exercisable solely for the benefit of another. This Court agrees with the reasoning of the Bankruptcy Court in *In re Welch,* when it found as follows:

> While the legislative history [of § 541] discusses *powers* of appointment rather than *rights* to collect child support, this Court finds that § 541(b) applies to child support by analogy. Like a donee of a power of appointment, a custodial parent is charged with certain responsibilities, yet maintains wide discretion in distributing or selectively spending funds. But, like a power of appointment, a right to collect child support was created for and inures to the sole benefit of someone else. Without determining the custodial parent's status as a trustee, fiduciary or natural guardian, the Court finds enough similarities between the rights, duties, powers and privileges of custodial parents and donees of powers of appointment to hold that § 541(b) excepts from the estate rights to collect child support arrearage.

*Welch,* 31 B.R. at 540; *see also Zimmerman v. Starnes,* 35 B.R. 1018 (D.Colo. 1984).

Accordingly, this Court finds that the portion of the judgment obtained by Debtor against Joseph Anders which constitutes child support arrearages, and all future child support payments to be made to Debtor for the sole benefit of her minor children, are *not* property of Debtor's estate.

---

**3.** Nevada law is the applicable state law, since the divorce decree was obtained in Nevada, and both Debtor and Joseph Anders reside in Nevada.

Spousal Support Payments

■ Unlike child support payments, alimony payments are made for the support of the recipient spouse. Spousal support payments are intended to meet the future living expenses of the supported spouse. *In re Marriage of Chala*, 92 Cal.App.3d 996, 155 Cal.Rptr. 605 (1979). The issue before this Court, therefore, is whether Debtor has a property interest in past-due and/or not-yet-accrued spousal support payments, which would bring those payments within the definition of property of the estate.

■ The law is fairly clear that a recipient of spousal support has a "property right" or "property interest" in a spousal support payment which has already accrued. *See generally* 3 Lynn D. Wardle, Christopher L. Blakesly, Jacqueline Y. Parker, *Contemporary Family Law* § 32.11 (1988). Under Nevada law, the right to payment of a court-ordered installment of spousal support vests in the recipient when the installment becomes due and payable. *Hildahl v. Hildahl*, 95 Nev. 657, 601 P.2d 58 (1979); *Day v. Day*, 82 Nev. 317, 417 P.2d 914 (1966). Each installment becomes a liquidated sum and is therefore susceptible of enforcement only after it becomes due and payment is not made. *See Lindsey v. Lindsey*, 6 Haw.App. 201, 716 P.2d 496 (1986).

■ Spousal support installments which have not yet accrued may be modified by the Divorce Court upon a showing of changed circumstances. Nev.Rev.Stat. § 125.150(7) (Michie 1991). Moreover, the right to receive alimony is extinguished when the payee remarries, or either the payor or payee dies. Nev.Rev.Stat. § 125.-150(6) (Michie 1991). Alimony payments which have not yet accrued are not enforceable by or against the estate of the payor or payee. *Kendall v. Kendall*, 218 Kan. 713, 545 P.2d 346 (1976); *Cf. Daniel v. Baker*, 106 Nev. 412, 794 P.2d 345 (1990) (divorce court *may* order that alimony payments extend beyond death of payor spouse). Finally, the six-year statute of limitations period applicable to actions to recover arrearages in spousal support begins to run against each installment as it becomes due. *Bongiovi v. Bongiovi*, 94 Nev. 321, 579 P.2d 1246 (1978).

■ With respect to spousal support payments which are due and payable in the future, there is no authority for including a debtor's right under a divorce decree to receive future alimony payments in her bankruptcy estate. Alimony payments have historically been treated as a peculiar species by the courts. A divorce decree which awards alimony is based on the natural and legal duty of the obligated party to pay his or her spouse. *Higgins v. McFarland*, 196 Va. 889, 86 S.E.2d 168 (1955). The duty to pay alimony has been viewed as a duty which is owed to the public as well as the recipient spouse. *Schnerr v. Schnerr*, 128 Cal.App. 363, 17 P.2d 749 (1932).

■ Divorce decrees which award spousal support have been distinguished from mere money judgments. Since the doctrine of alimony is based on a common-law obligation of support, it follows that a decree for alimony is not strictly a debt due to the entitled spouse, but it is rather the continuation of a dependent spouse's right to support. *Ellsworth v. Ellsworth*, 97 N.M. 133, 637 P.2d 564 (1981). The right to alimony is a personal right, as opposed to a property right. *United States v. Davis*, 370 U.S. 65, 82 S.Ct. 1190, 8 L.Ed.2d 335 (1962); *Brister v. Brister*, 92 N.M. 711, 594 P.2d 1167 (1979).

Property of the estate includes all of a debtor's interests *in property*. Debtor's interest in future spousal support payments is not a property interest; it is solely of a personal nature until the payment becomes due and owing. Any right she has to enforce a payment of spousal support does not come into existence until the payment accrues. Moreover, Debtor's right to future alimony payments may not be assigned to or levied upon by her creditors. *Glasser v. Rogers*, 53 F.Supp. 668 (S.D.N.Y.1943); *Davis v. Davis*, 15 Wash.2d 297, 130 P.2d 355 (1942). Therefore, any spousal support payments which had not yet accrued as of the date on which

Debtor's estate was created are not property of her estate.

Debtor filed her petition under Chapter 13 on December 6, 1992. By filing a petition under Chapter 13 of the Bankruptcy Code, Debtor created an estate consisting not only of all existing legal and equitable interests in her property, but also of all property acquired after commencement of the case but before the case is closed, dismissed, or converted to a case under Chapter 7. 11 U.S.C. §§ 541(a), 1306(a) (1992).[4] Debtor's case was converted to Chapter 7 on March 26, 1992. In addition, any interest Debtor had in property which would have been property of the estate if such interest had been a property interest on the date of filing the petition,[5] and that she acquires or becomes entitled to acquire within 180 days after the petition date as a result of a divorce decree, is also property of Debtor's estate. Therefore, any and all spousal support payments which accrued prior to 180 days following the date of the filing of Debtor's petition *are* property of Debtor's estate. Any and all spousal support payments which did or will accrue after that date are *not* property of Debtor's estate, and should be paid directly to Debtor.

■■■ Debtor's argument that post-petition spousal support payments constitute earnings is unpersuasive. In order to be considered earnings for purposes of exclusion from § 541, earnings must be from "services performed by an individual debtor after commencement of the case." 11 U.S.C. § 541(a)(6) (1992). No post-petition services were performed by Debtor in this case.[6]

### Applicability of Exemption Provisions

■■■ Congress specifically provided an exemption from property of the estate for the "debtor's right to receive ... alimony, support, or separate maintenance, to the extent reasonably necessary for the support of the debtor and any dependent of the debtor." 11 U.S.C. § 522(d)(10)(D) (1992). However, the State of Nevada has "opted out" of the federal exemptions and has elected to provide a more restrictive list of exemptions applicable to Nevada residents. When a state in which a Bankruptcy Court sits and in which the individual debtor resides "opts out" of the federal exemptions, only property exempted from execution by other federal or state law may be exempted from the bankruptcy estate. *In re Richards*, 57 B.R. 662 (Bankr.D.Nev.1986).

■■■ Section 21.090(3) of the Nevada Revised Statutes states that any exemptions specified in § 522 "do not apply to property owned by a resident of this state unless conferred also by subsection 1, as limited by subsection 2, of this section." Nev.Rev. Stat. § 21.090(3) (Michie 1991). Subsection 1 of § 21.090 does *not* provide an exemption for the right to receive spousal support. This Court may not infer that an exemption exists where it has not been specifically provided by the legislature.

### *Conclusion*

For the reasons stated above, a sum equal to the portion of the judgment

---

**4.** *In re Plata*, 958 F.2d 918 (9th Cir.1992), in which the Ninth Circuit held that funds held by the trustee at the time of conversion revest in the debtor at the time of conversion, is distinguishable and therefore inapplicable to the instant case. *Plata* stands for the proposition that *postconfirmation* funds held by the trustee but remaining unpaid to creditors at the time of conversion to Chapter 7 revest in the debtor at the time of conversion. In the case at bar, Debtor did not have a plan of reorganization confirmed prior to conversion to Chapter 7.

**5.** Section 348(a) provides that the date of filing the original petition, rather than the date of the conversion, is to be considered the "date of the

filing of the petition" for all purposes, except for those purposes which are specifically enumerated. Section 541 is not excepted from the provisions of § 348(a). Accordingly, the 180–day period referred to in § 541(a)(5)(B) begins to run from the date of filing the initial petition.

**6.** Similarly, Debtor's argument that spousal and child support payments constitute "disposable earnings" for purposes of exemption is incorrect. Section 21.090(1)(g) of the Nevada Revised Statutes specifically provides that "[t]he exemption provided in this paragraph does not apply in the case of any order of a court of competent jurisdiction for the support of any person...." Nev.Rev.Stat. 21.090(1)(g) (1991).

against Joseph Anders constituting past due child support payments shall be paid to Debtor as and for the sole benefit of her minor children. Moreover, all child support payments which have already accrued or will accrue in the future are not property of Debtor's estate and shall be paid to Debtor for the benefit of her children.

A sum equal to the portion of the judgment constituting spousal support payments which were due and owing to Debtor prior to the date Debtor filed her petition under Chapter 13, as well as those sums which were due and owing within 180 days following the date upon which Debtor filed her petition, shall be paid to the Trustee as property of Debtor's estate.

A sum equal to the portion of the judgment constituting spousal support payments which were due and owing to Debtor after 180 days following the date upon which Debtor filed her petition under Chapter 13 shall be paid directly to Debtor.

Finally, any and all spousal support payments which did or will accrue after the 180–day period are not property of Debtor's estate, and shall be paid directly to Debtor.

Counsel for Debtor is instructed to prepare and submit the appropriate order.