NANCY KERLEY, APPELLANT, v. THOMAS KERLEY, Respondent.

No. 23220

THOMAS KERLEY, APPELLANT, v. NANCY KERLEY, RESPONDENT.

No. 23506

April 27, 1995

893 P.2d 358

---

*Scarpello & Alling* and *Richard Glasson,* Stateline, for Nancy Kerley.

Jack Sheehan, Minden, for Thomas Kerley.

## OPINION

*Per Curiam:*

### FACTS

On August 15, 1981, appellant Nancy Kerley married respondent Thomas Kerley. Prior to their marriage, Thomas possessed real property located at 1045 Verde Way, Gardnerville, Nevada.[1] In 1982, Thomas conveyed the Verde Way property to himself and Nancy as joint tenants (1982 Deed). In the spring of 1983, Thomas and Nancy executed a quitclaim deed to the Verde Way property vesting title in Thomas's name only (1983 Deed). On September 14, 1983, Thomas recorded the deed.

On August 21, 1989, Thomas filed for divorce. On March 3, 1992, the district court entered its findings of fact, conclusions of law, judgment, and decree of divorce. The district court concluded that because the 1982 Deed and the 1983 Deed were obtained and acquired during the marriage, Verde Way therefore would be presumed to be held as community property per NRS 123.220. This presumption, the district court added, could be overcome by clear and convincing evidence, but the court concluded that Thomas had failed to overcome the presumption.

The court explained that "[s]ince the Verde Way property was acquired by [Thomas] prior to marriage and later became the community property of the parties, *Malmquist v. Malmquist,* 106 Nev. 231, 792 P.2d 372 [(1990)], provides the distribution procedure of the property. . . . [T]his Court finds the community property amount due [Nancy] to be $32,150.00."[2]

Additionally, the court noted in its findings of fact that although Thomas may have expended separate property funds on remodeling portions of the Verde Way property, evidence regarding the timing of and amounts spent in remodeling were inconclusive and speculative. Despite acknowledging that separate property may have been spent improving the community property, the district court found that "such expenditures were nevertheless a gift to the community."

The district court equally divided all of the community personal property and awarded each of the parties their separate property. The district court, additionally, awarded Nancy rehabilitative alimony in the amount of $250.00 per month for a period

---

[1]The property at 1045 Verde Way was held in trust by the "Lost Acres Trust," naming Thomas as trustee.

[2]The market value of the property at the time of divorce was $210,000.00 with a secured indebtedness of $33,500.00, leaving $176,500.00 equity in the house.

of two years. The district court explained that Thomas "has the ability, through his present skill and licensing [as a contractor], to generate income sufficient to pay [Nancy]" reasonable alimony.

On March 16, 1992, Nancy filed a post-trial motion to alter and/or amend the judgment, contending that the district court abused its discretion in the division of the Verde Way property.

On April 1, 1992, Thomas filed a motion to modify the decree of divorce in regard to alimony, arguing that the district court abused its discretion in awarding Nancy rehabilitative alimony. The district court denied both motions. Both Nancy and Thomas then appealed and these appeals were consolidated.

## DISCUSSION

*The district court erred in applying the Malmquist property apportionment formulae to the division of the community real property*

This court, in reviewing divorce proceedings on appeal, generally has upheld district courts' rulings which are supported by substantial evidence and are otherwise free of a clear abuse of discretion. "'Where a trial court, sitting without a jury, has made a determination upon the basis of conflicting evidence, that determination should not be disturbed on appeal if it is supported by substantial evidence.'" Williams v. Waldman, 108 Nev. 466, 471, 836 P.2d 614, 617 (1992) (quoting Lubbe v. Barba, 91 Nev. 596, 600, 540 P.2d 115, 118 (1975)). However, in reaching a determination, the district court must apply the correct legal standard. *Id.*, 836 P.2d at 617-18.

In Malmquist v. Malmquist, 106 Nev. 231, 792 P.2d 372 (1990), this court addressed the issue of separate and community property improvements to real property and developed formulae for reimbursement for those improvements. *Id.* at 240, 247, 792 P.2d at 378, 382. Nancy contends that in its apportionment of the Verde Way property, the district court improperly extended *Malmquist* to a situation in which a separate property contribution was made to real property held as community property. Nancy argues that the district court's application of *Malmquist* under these facts is "illogical" and requests this court to divide the community real property equally.

Although the facts of *Malmquist* did not address the instant situation of separate property payments on a community residence, this court stated: "[W]e believe that the formulae should apply both to community contributions to separate property residences and to separate property contributions to community property residences." *Id.* at 240 n.1, 792 P.2d at 378 n.1.

Despite this logical extension set forth in *Malmquist,* we conclude that the district court's decree apportioning the Verde Way property through the *Malmquist* formulae was fundamentally flawed. The district court cannot perform a *Malmquist* apportionment unless either separate property has increased in value through community efforts, or conversely, community property value has been enhanced by separate property contributions.

In the instant case, the district court first found that the Verde Way property was community property and then improperly apportioned that property between separate property and community property interests without first finding that the property had either been transmuted back into separate property or had been *substantially* enhanced in value by separate property contributions.

After determining the property was part of the community, the district court *specifically* stated in its findings of fact that "[a]lthough [Thomas] may have spent some separate property funds on remodeling portions of the Verde Way property, the evidence as to time of remodeling and amounts spent was *inconclusive and speculative. The Court finds that such expenditures were nevertheless a gift to the community.*" (Emphasis added.)

Because the separate property contributions did not add substantial value to the Verde Way property, we conclude that this removes that property from apportionment under *Malmquist.* Accordingly, we reverse the decree of the district court granting Nancy $32,150.00 as her share of the Verde Way property under the *Malmquist* formulae, and remand for a redistribution of the Verde Way property consistent with this opinion and NRS 125.150. *See also* McNabney v. McNabney, 105 Nev. 652, 782 P.2d 1291 (1989).

*The district court did not abuse its discretion in awarding temporary rehabilitative alimony to Nancy*

In its decree the district court awarded Nancy alimony in the amount of "$250.00 per month . . . for twenty-four months following entry of the Decree of Divorce."

"In determining whether to grant alimony, as well as the amount thereof, the district courts enjoy wide discretion." Fick v. Fick, 109 Nev. 458, 464, 851 P.2d 445, 450 (1993). Additionally, "[t]his court will not disturb the district court's grant or denial of permanent or lump sum alimony absent an abuse of discretion." Daniel v. Baker, 106 Nev. 412, 414, 794 P.2d 345, 346 (1990).

In divorce actions, NRS 125.150(1) gives the district court authority to award or to deny alimony "in a specified principal sum or as specified periodic payments, as appears *just and equitable*." (Emphasis added.) In Heim v. Heim, 104 Nev. 605, 609, 763 P.2d 678, 680 (1988), this court stated that the "judge must, in making a decision in alimony and property matters, form a judgment as to what is equitable and just."

In this case, the district court heard evidence regarding Thomas and Nancy's present capabilities. The district court found that Thomas had the ability to generate income and that Nancy needed alimony because at Thomas's request she was not gainfully employed during most of the marriage.

We conclude Thomas has failed to present sufficient evidence to demonstrate that the district court's judgment was anything other than "equitable and just" or that it failed to consider the requirements of NRS 125.150. Based on the above, we conclude that the district court did not abuse its discretion in awarding temporary rehabilitative alimony to Nancy. Accordingly, we affirm the district court's decree of divorce as to the issue of alimony.

## CONCLUSION

For the reasons discussed above, we reverse and remand to the district court the issue of apportionment of the Verde Way property and affirm the district court's judgment and divorce decree with regard to the grant of alimony.