NANCY KERLEY, Appellant, *v.* THOMAS
KERLEY, Respondent.

No. 23220

THOMAS KERLEY, Appellant, *v.*
NANCY KERLEY, Respondent.

No. 23506

January 31, 1996                                910 P.2d 279

*Scarpello & Alling* and *Richard Glasson,* Stateline, for Nancy
Kerley.

*Jack Sheehan,* Minden, and *Robert A. Grayson,* Carson City,
for Thomas Kerley.

## OPINION ON REHEARING

*Per Curiam:*

In Kerley v. Kerley, 111 Nev. 462, 893 P.2d 358 (1995), we
reversed and remanded to the district court the issue of apportion-
ment of the real property located at 1045 Verde Way. Thomas
Kerley now petitions this court for rehearing.

In our prior opinion in this matter, we held that the formula set out in Malmquist v. Malmquist, 106 Nev. 231, 792 P.2d 372 (1990), did not apply to the apportionment of the Verde Way property. Part of the reason for our holding was our reliance on the district court's legal conclusion that the real property deeds executed between Thomas and Nancy conveying title to the Verde Way property created a presumption of community property, and that the Verde Way property was community property. The district court's legal conclusion was erroneous, and we overlooked this error in our prior opinion. Specifically, the error of law stated in our prior opinion is included in the following quotation:

> In 1982, Thomas conveyed the Verde Way property to himself and Nancy as joint tenants (1982 Deed). In the spring of 1983, Thomas and Nancy executed a quitclaim deed to the Verde Way property vesting title in Thomas's name only (1983 Deed). . . .
> . . . The district court concluded that because the 1982 Deed and the 1983 Deed were obtained and acquired during the marriage, Verde Way therefore would be presumed to be held as community property per NRS 123.220. This presumption, the district court added, could be overcome by clear and convincing evidence, but the court concluded that Thomas had failed to overcome the presumption.

Kerley v. Kerley, 111 Nev. 462, 464, 893 P.2d 358, 359 (1995).

We have consistently held that a spouse to spouse conveyance of title to real property creates a presumption of gift that can only be overcome by clear and convincing evidence. Graham v. Graham, 104 Nev. 473, 760 P.2d 772 (1988); Todkill v. Todkill, 88 Nev. 231, 495 P.2d 629 (1972); Peardon v. Peardon, 65 Nev. 717, 201 P.2d 309 (1948); Petition of Fuller, 63 Nev. 26, 159 P.2d 579 (1945). Moreover, property acquired by gift during marriage is separate property pursuant to NRS 123.130, and therefore is not community property pursuant to NRS 123.220. Therefore, the 1983 quitclaim deed vesting title in Thomas's name only is presumed to be a gift of Nancy's interest unless clear and convincing evidence establishes otherwise.

Accordingly, we grant rehearing, and we remand to the district court the issue concerning the Verde Way property for further proceedings consistent with this opinion.[1]

---

[1] We have considered petitioner's other contentions raised in his petition for rehearing, and we conclude they are without merit.