**In re Darlene Jill WISE, Debtor.**

**M. Stephen Peters, Trustee, Appellant,**

v.

**Darlene J. Wise, Appellee.**

**Civ.A. No. 01–WM–1506(MJW).**
**Bankruptcy No. 01–10559.**

United States District Court,
D. Colorado.

Sept. 25, 2002.

---

Max Stephen Peters, M. Stephen Peters, Attorney at Law, Wheat Ridge, CO, for appellant.

R. Scott Schofield, R. Scott Schofield, Attorney at Law, Colorado Springs, CO, for appellee.

## ORDER

MILLER, District Judge.

This matter is before me on appeal of the United States Bankruptcy Court's decision denying the Trustee's motion for turnover. Based upon the parties' written and oral arguments and my review of the designated record, I conclude that the lower court's decision should be affirmed.

### Jurisdiction

This matter came before the Court on the appeal of M. Stephen Peters the Standing Chapter 7 Trustee (Trustee) from the judgment of the Honorable Donald E. Cordova, United States Bankruptcy Judge, concluding that maintenance payments received by the Debtor during the 180 day post-petition period are not property of the bankruptcy estate by operation of 11 U.S.C. § 541(a)(5)(B). Judge Cordova's opinion is reported as *In re Wise*, 264 B.R. 701 (Bankr.D.Colo.2001). Judge Cordova's judgment is a final appealable judgment over which the district court has appellate jurisdiction under 28 U.S.C. § 158(a)(1).

### Background

On July 12, 1991, the El Paso County, Colorado, District Court entered a decree of dissolution of marriage granting Frederic Wise and the Appellee/Debtor Darlene Jill Wise (Wise) a divorce. The decree incorporated a property settlement but made no reference to maintenance.

On September 17, 1992, the state court granted Wise's motion for spousal maintenance. The order required Frederic Wise to make maintenance payments of $500 per month to Wise until the earlier of her death or remarriage.

On January 18, 2001, Wise filed a voluntary Chapter 7 petition. The parties do not dispute that her ex-husband has made all required pre- and post-petition maintenance payments as they came.

### Standard of Review

■ The district court functions as an appellate court and is authorized to affirm, reverse, modify or remand the bankruptcy court's ruling. Fed.R.Bankr.P. 8013. Legal conclusions are subject to a *de novo* review. *In re Blehm Land & Cattle Co.*, 859 F.2d 137, 138 (10th Cir.1988).

### Discussion

■ The Trustee raises one issue on appeal: whether or not the spousal sup-

port payments paid to the Debtor by her ex-husband pursuant to an El Paso County District Court's order made within the 180 day period after filing of the Debtor's Chapter 7 bankruptcy case are property of the bankruptcy estate under 11 U.S.C. § 541(a)(5)(B) that must be turned over to the Trustee.

§ 541(a)(5)(B) provides that the bankruptcy estate includes:

> (5) Any interest in property that would have been property of the estate if such interest had been an interest of the debtor on the date of filing of the petition, and that the debtor acquires or becomes entitled to acquire within 180 days after [commencement of the case]—
>
> (B) as a result of a property settlement agreement with the debtor's spouse, or of an interlocutory or final divorce decree.

The Trustee asserts that alimony is such an interest in property because it results from a final divorce decree and the estate therefore is entitled to those payments Wise received within 180 days after commencement of her Chapter 7 case.

I find the Trustee's argument unpersuasive. He attempts to convert the right to maintenance or alimony into a property right, in effect convert a right to income into an existing asset. If that were so then the Trustee could also claim the discounted value of the future maintenance right as of the date of filing. That is not the law. On the other hand, under Colorado law, maintenance payments that are due and *not paid* become enforceable judgments.[1]  *See* C.R.S. § 14–10–122(1)(c) (emphasis added). While due and unpaid payments may constitute causes of action to be included within a bankruptcy estate as

property interests, here, however, it is undisputed that the Debtor's ex-husband paid all alimony installments in a timely fashion. As such, those payments never ripened into enforceable judgments; they are not interests in property and therefore need not be turned over to the Trustee by operation of § 541(a)(5)(B).

Accordingly, it is ordered that the decision of the bankruptcy court is affirmed for substantially the same reasons stated by Judge Cordova. This appeal is dismissed.

---

[1]  Although the issue here involves interpretation of a federal statute, state law determines whether alimony is or is not a property right. *See In re Stat–Tech Int'l Corp.*, 47 F.3d 1054, 1057 (state law determines ownership of a property interest).