**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**OCT 10 2003**

**PATRICK FISHER**
**Clerk**

PUBLISH

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

---

In re: DARLENE JILL WISE,

Debtor.

_____

M. STEPHEN PETERS, Chapter 7
Trustee,

Appellant,

v.

DARLENE JILL WISE,

Appellee.

No. 02-1482

---

**APPEAL FROM THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**(D.C. No. 01-WM-1506 (MJW))**

---

Submitted on the briefs:

M. Stephen Peters, Trustee, Wheat Ridge, Colorado, for Appellant.

R. Scott Schofield, Colorado Springs, Colorado, for Appellee.

---

Before **MURPHY** and **PORFILIO**, Circuit Judges, and **BRORBY**, Senior Circuit Judge.

**BRORBY** , Senior Circuit Judge.

_____

In this appeal we decide whether the spousal maintenance payments paid to debtor Darlene Jill Wise by her ex-husband within 180 days after the filing of her Chapter 7 bankruptcy petition are property of the bankruptcy estate under 11 U.S.C. § 541(a)(5)(B) and therefore must be turned over to the Chapter 7 Trustee, M. Stephen Peters. Both the bankruptcy court and the district court held these post-petition maintenance payments were not property of the bankruptcy estate under § 541(a)(5)(B). We affirm. [1]

The facts in this case are straightforward and undisputed. On July 12, 1991, the El Paso County, Colorado, District Court granted Ms. Wise and her husband a divorce. Although the divorce decree incorporated the property settlement agreement, it made no mention of spousal maintenance. Subsequently, the court granted Ms. Wise's motion for maintenance. The court ordered Ms. Wise's ex-husband to make monthly support payments of $500 until the earlier of her death or remarriage. At all times, he has made the payments.

_____

[1]     After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal.   _See_ Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore ordered submitted without oral argument.

On January 18, 2001, Ms. Wise filed a Chapter 7 bankruptcy petition. The Chapter 7 Trustee filed a motion for the turnover of property, asserting the spousal maintenance payments paid to Ms. Wise within the 180-day period following the filing of her bankruptcy petition should be included in the bankruptcy estate under § 541(a)(5)(B). The bankruptcy court denied the motion, holding that these payments were not property of the bankruptcy estate under § 541(a)(5)(B). *See In re Wise*, 264 B.R. 701, 704 (Bankr. D. Colo. 2001). The court based its holding on two independent reasons: (1) under state law, the maintenance payments were personal rights and not property rights of Ms. Wise and (2) § 541(a)(5)(B) applies only to property settlements and not to spousal maintenance awards. *In re Wise*, 264 B.R. at 704-07. The district court affirmed for substantially the same reasons stated by the bankruptcy court. *See Peters v. Wise (In re Wise)*, 285 B.R. 8, 10 (D. Colo. 2002). The Trustee now appeals to this court.

Because the facts in this case are undisputed, our review is limited to the narrow legal issue presented. Thus, we review de novo the bankruptcy court's and district court's legal determinations that the post-petition spousal maintenance payments were not property of the bankruptcy estate under § 541(a)(5)(B). *See Phillips v. White (In re White)*, 25 F.3d 931, 933 (10th Cir. 1994).

A bankruptcy estate is created by the filing of a bankruptcy petition. *See* 11 U.S.C. § 541(a). Generally, property the debtor acquires post-petition does not become property of the bankruptcy estate. *See* 5 Collier on Bankruptcy, ¶ 541.03 (Alan N. Resnick, et al. eds., 15th ed. rev. 2003). One exception to this general rule is found in § 541(a)(5)(B), which provides that the bankruptcy estate includes

> (5) Any interest in property that would have been property of the estate if such interest had been an interest of the debtor on the date of the filing of the petition, and that the debtor acquires or becomes entitled to acquire within 180 days after such date--
>
> . . .
>
> (B) as a result of a property settlement agreement with the debtor's spouse, or of an interlocutory or final divorce degree[.]

The Trustee argues that, under this statutory language, any property, including personal property, the debtor is entitled to under a divorce decree should be included as property of the bankruptcy estate if the entitlement arose within 180 days after the filing of the bankruptcy petition. Also, the Trustee argues the statutory language should not be limited to only property received from a property settlement agreement, because the statutory language includes both property received as part of a property settlement agreement between the debtor and the debtor's former spouse and any property received as a result of a divorce decree.

-4-

"As in all statutory construction cases, we begin with the language of the statute." *Barnhart v. Sigmon Coal Co.*, 534 U.S. 438, 450 (2002). If the statutory language is not ambiguous, and "the statutory scheme is coherent and consistent," further inquiry is unneeded. *Id.* (quotation marks omitted). "The plainness or ambiguity of statutory language is determined by reference to the language itself, the specific context in which that language is used, and the broader context of the statute as a whole." *Robinson v. Shell Oil Co.*, 519 U.S. 337, 341 (1997); *see also U.S. Nat'l Bank of Or. v. Indep. Ins. Agents of Am., Inc.*, 508 U.S. 439, 455 (1993) ("Statutory construction is a holistic endeavor, and, at a minimum, must account for a statute's full text, language as well as punctuation, structure, and subject matter.") (quotation marks and citation omitted).

Like the bankruptcy court, we first consider whether Ms. Wise has an "interest in property" in the spousal maintenance payments she acquired within 180 days after filing her Chapter 7 petition, such that the maintenance "would have been property of the estate if such interest had been an interest of the debtor on the date of the filing of the petition." *See* 11 U.S.C. § 541(a)(5). Because state law defines and creates property interests, *Butner v. United States*, 440 U.S. 48, 54-55 (1979); *Stat-Tech Int'l Corp. v. Delutes (In re Stat-Tech Int'l Corp.)*, 47 F.3d 1054, 1057 (10th Cir. 1995), we look to Colorado law to determine what property interest, if any, she has in the spousal maintenance payments in order to

decide if they are bankruptcy estate property. *See In re Poffenbarger*, 281 B.R. 379, 385 (Bankr. S.D. Ala. 2002); *see also Pauley v. Spong (In re Spong),* 661 F.2d 6, 9 (2d Cir. 1981) (deciding that, because federal courts have no jurisdiction over divorces or alimony awards, Congress could not have intended federal courts to form bankruptcy law regarding alimony without reference to state law). Once property rights are determined under state law, however, the federal bankruptcy law establishes the extent to which the property interest is property of the bankruptcy estate. *N.S. Garrott & Sons v. Union Planters Nat'l Bank of Memphis (In re N.S. Garrott & Sons)*, 772 F.2d 462, 466 (8th Cir. 1985).

The bankruptcy court found that the maintenance award to Ms. Wise was a personal right. *See In re Wise*, 264 B.R. at 705. We agree with this determination. In Colorado, the right to receive alimony or maintenance, as well as the duty to pay it, are personal. *See Greer v. Greer*, 130 P.2d 1050, 1052 (Colo. 1942). *See generally United States v. Davis*, 370 U.S. 65, 70 (1962) (recognizing obligation of post-divorce support is more personal liability of husband than property interest of wife). Under Colo. Rev. Stat. § 14-10-114(3), a court will award maintenance only if certain conditions are met. Thus, "any award of maintenance to a spouse in Colorado is a personal statutory right and not a property right." *In re Wise*, 264 B.R. at 705.

Like the bankruptcy court and district court, we reject the notion that a

personal right to future maintenance is an "interest in property."

> [The Trustee] attempts to convert the right to maintenance or alimony
> into a property right, in effect convert a right to income into an
> existing asset. If that were so then the Trustee could also claim the
> discounted value of the future maintenance right as of the date of
> filing. That is not the law. On the other hand, under Colorado law,
> maintenance payments that are due and *not paid* become enforceable
> judgments. *See* C.R.S. § 14-10-122(1)(c) (emphasis added). While
> due and unpaid payments may constitute causes of action to be
> included within a bankruptcy estate as property interests, here,
> however, it is undisputed that the Debtor's ex-husband paid all
> alimony installments in a timely fashion. As such, those payments
> never ripened into enforceable judgments; they are not interests in
> property and therefore need not be turned over to the Trustee by
> operation of § 541(a)(5)(B).

*Peters*, 285 B.R. at 10 (footnote omitted). Thus, Ms. Wise's personal right to

future maintenance is not an "interest in property" under § 541(a)(5)(B).

The court in *In re Jeter*, 257 B.R. 907, 910 (B.A.P. 8th Cir. 2001),

considered whether alimony was included within the reach of § 541(a)(5)(B) and

held that "[o]n its face and by its plain language, § 541(a)(5)(B) does not reach

alimony awards." *See also In re Peterson*, 280 B.R. 886, 892 (Bankr. S.D. Ala.

2001) (holding alimony payments that are not due and payable until after date of

filing are not property of bankruptcy estate). Also, the *Jeter* court found further

support for this conclusion in Nebraska law, which made clear that alimony

awards and property settlements serve different functions and are separate and

distinct. *Id.* at 911. Finally, as a policy matter, the court believed post-petition

alimony should not be included in the bankruptcy estate, because including alimony as estate property "would jeopardize the debtor spouse's fresh start and substantially interfere with, perhaps even undermine, the debtor spouse's ability to support . . . herself in the future." *Id.* at 912.

We agree with the reasoning and holding in *Jeter*. Like the Nebraska law considered in *Jeter*, Colorado law treats spousal maintenance and property settlements differently. *Compare* Colo. Rev. Stat. § 14-10-113 (disposition of property) *with* Colo. Rev. Stat. § 14-10-114 (maintenance). *See generally Shreyer v. Shreyer*, 148 P.2d 1003, 1004 (Colo. 1944) ("This division of property is essentially different from an award of alimony."). A state court is required to divide marital property according to Colo. Rev. Stat. § 14-10-113. *In re Marriage of Quay*, 647 P.2d 693, 695 (Colo. Ct. App. 1982). Maintenance, however, may be awarded only if the court decides the property is inadequate to meet the reasonable needs of the party seeking maintenance and the party seeking maintenance has insufficient earning capacity. *In re Marriage of Jones*, 627 P.2d 248, 252 (Colo. 1981) (en banc); *see* Colo. Rev. Stat. § 14-10-114. The property division precedes the court's consideration of maintenance. *In re Marriage of Jones*, 627 P.2d at 252-53. If the parties' circumstances change, "the property division remains fixed and requisite adjustments to achieve fairness are . . . made in the maintenance provisions of a decree." *Id.* at 253 (citing Colo. Rev. Stat.

§§ 14-10-122(1), 14-10-112(1), (6)); *see also Magarrell v. Magarrell*, 355 P.2d 946, 947 (Colo. 1960) (holding property settlement made as part of divorce decree cannot later be modified).

Because there is a difference between property settlements and maintenance, we assume Congress acted intentionally and purposefully in excluding spousal maintenance or alimony from the statutory language. *See Barnhart*, 534 U.S. at 452. "If Congress had intended for the provision to reach maintenance awards, it would have specifically included language to that effect." *In re Wise*, 264 B.R. at 707.

We recognize that the bankruptcy court in *In re Anders*, 151 B.R. 543 (Bankr. D. Nev. 1993), reached a different result. That court held, after analyzing Nevada law, that "any and all spousal support payments which accrued prior to 180 days following the date of the filing of Debtor's petition *are* property of Debtor's estate." *Id.* at 548 (emphasis in original). Although the court recognized that alimony is a personal right and not a property right and that each support payment only became enforceable after its accrual, the court decided that any payment made or accrued within the 180-day period became a right to payment. *See id.* at 547-48. We agree with the finding of the bankruptcy court in the case before us that *In re Anders* was wrongly decided because it improperly

-9-

expanded the bankruptcy estate to include personal rights of the debtor. *See In re Wise*, 264 B.R. at 707. [2]

Because the spousal maintenance was not an "interest in property" acquired as a result of a property settlement agreement or final divorce decree, we conclude the bankruptcy court and district court both correctly decided the maintenance was not property of the bankruptcy estate under § 541(a)(5)(B). Accordingly, we AFFIRM the judgment of the district court.

---

[2] The Trustee argues that the legislative history proves Congress intended § 541(a)(5)(B) to include alimony. *See* Appellant's Br., Attach. 2 (H.R. Rep. No. 95-595, at 176 (1977), *reprinted in* 1978 U.S.C.C.A.N. 5963, 6136) (noting bill expanded categories of covered property to include "divorce or alimony settlements")). Other legislative history, however, indicates the bankruptcy estate includes only the debtor's interest in "a property settlement agreement with the debtor's spouse." S. Rep. No. 95-989, at 83 (1978), *reprinted in* 1978 U.S.C.C.A.N. 5787, 5869; H.R. Rep. No. 95-595, at 368 (1977), *reprinted in* 1978 U.S.C.C.A.N. 5963, 6324. Thus, the legislative history the Trustee submits fails to "clearly express[] legislative intent" "warrant[ing] a different construction" than the one based on the plain language of the statute. *Nat'l Org. for Women, Inc. v. Scheidler*, 510 U.S. 249, 261 (1994) (quotation marks omitted). In any event, we need not refer to this legislative history, because the language of the statute is unambiguous.