In re **AL MUEHLBERGER CONCRETE CONSTRUCTION, INC., Debtor.**

**Al Muehlberger Concrete Construction, Inc., Plaintiff,**

v.

**McQuaid Brothers Remodeling Co., Inc., Defendant.**

**Bankruptcy No. 04–20212. Adversary No. 04–6088.**

United States Bankruptcy Court, D. Kansas.

Jan. 30, 2005.

Brett Chapin, Thomas M. Mullinix, III, Richard C. Wallace, Evans & Mullinix, P.A., Shawnee, KS, James R. Deckert, Kansas City, MO, for Debtor.

## MEMORANDUM OPINION[1]

ROBERT D. BERGER, Bankruptcy Judge.

This proceeding is before the Court on the plaintiff's Complaint to Compel Turnover of Property Pursuant to 11 U.S.C. § 542 (Doc. No. 1). At a pretrial conference on September 8, 2004, the parties agreed to submit this matter to the Court for final determination on briefs and stipulated facts. The sole issue for consideration by the Court is whether a check marked "Final Payment" on its face issued by the defendant, McQuaid Brothers Remodeling Co., Inc. ("McQuaid"), and negotiated by the plaintiff, Al Muehlberger Concrete Construction, Inc. ("Muehlberger"), constituted an accord and satisfaction under Kansas law.

If the negotiated check constituted an accord and satisfaction, then Muehlberger is not entitled to judgment on its complaint. However, if the negotiated check did not constitute an accord and satisfaction, then Muehlberger is entitled to judgment and McQuaid must remit $2,072.82 to Muehlberger pursuant to section 542(b), which requires that any entity that owes a debt that is property of the estate and that is matured, payable on demand, or payable on order, shall pay such debt to the order of the trustee.

The parties do not dispute this Court's jurisdiction. The Court finds that this

---

**1.** Plaintiff/debtor Al Muehlberger Concrete Construction, Inc., appears by its attorney, Richard C. Wallace of Evans & Mullinix, P.A., Lenexa, Kansas. Defendant McQuaid Brothers Remodeling Co., Inc., appears by its attorneys, Thomas DeCoursey, Kansas City, Kansas, and Stephen H. King of King & Wright, L.L.C., Kansas City, Missouri.

proceeding is core under 28 U.S.C. § 157 and the Court has jurisdiction under 28 U.S.C. §§ 1334 and 157. The Court has reviewed the stipulated facts and the brief submitted and is now prepared to rule.

## Factual Background

Based upon the joint stipulation of facts submitted by the parties, the Court adopts the following findings of fact:

McQuaid is a corporation for which Muehlberger supplied labor and material pursuant to a contract executed in Kansas. Work under the contract commenced on April 20, 2002, and was completed the week of April 27, 2002. Muehlberger contends McQuaid was invoiced for work completed under the contract in the amount of $4,145.63 for the first time by mail on May 10, 2002, and a second time by fax on September 20, 2002. McQuaid denies receiving any invoicing from Muehlberger in 2002. On March 11, 2004, a Muehlberger employee, Ron, contacted McQuaid by telephone and faxed an invoice to a McQuaid employee named Carolyn. Thereafter, on March 15, 2004, Ron again contacted McQuaid to collect the debt and was told by Carolyn that she would speak to McQuaid's owner about the invoice.

On April 14, 2004, counsel for Muehlberger, Mr. Richard C. Wallace ("Mr. Wallace"), sent a letter to McQuaid demanding payment in full of $4,145.63, and directing McQuaid to make any payments directly to his office. Thereafter, on or about April 28, 2004, McQuaid sent Muehlberger, at Muehlberger's business address and to the attention of Ron, a check marked "Final Payment" on its face for $2,072.82 (hereinafter the "Check"). A letter copied to Mr. Wallace and accompanying the Check is set forth below in relevant part:

We have enclosed our check # 29763 in the amount of $2,072.82 for payment on your invoice # 8840 dated 5/10/02. This amount represents one-half of the invoiced amount of $4,145.63. We feel that you failed in your responsibility to bill us timely and in your follow-up procedures. Failing to send out statements for two years or to at least call, is not acceptable. We can not go back to our customer at this late date and expect them to pay us for this work. Therefore, we feel that both Muehlberger and McQuaid should share the cost.

Muehlberger negotiated the Check after crossing out the "Final Payment" written on its face and thereafter billed McQuaid for the remaining $2,072.82 balance of the original invoiced amount, which McQuaid has since refused to pay.

Muehlberger commenced this adversary action on June 7, 2004, seeking turnover of the remaining $2,072.82 balance of the original invoiced amount pursuant to the provisions of section 542. McQuaid denies owing Muehlberger additional compensation because it believes that Muehlberger's negotiation of the check marked "Final Payment" constituted a full accord and satisfaction of the underlying debt.

## Discussion

■ With certain inapplicable exceptions, section 542(b) provides that "an entity that owes a debt that is property of the estate and that is matured, payable on demand, or payable on order, shall pay such debt to, or on the order of, the trustee...." [2] In the present case, however, McQuaid denies that it owes a debt that is property of Muehlberger's estate and subject to turnover pursuant to section 542 because its tender and Muehlberger's negotiation of the Check constituted a full accord and satisfaction of the underlying debt. Since state law defines and creates

---

**2.** 11 U.S.C. § 542(b).

property interests,[3] this Court must look to Kansas law to determine what debt, if any, McQuaid owes Muehlberger before determining whether that debt would be subject to turnover under section 542.

In Kansas, K.S.A. § 84–3–311 governs accord and satisfaction by use of a negotiable instrument. K.S.A. § 84–3–311 provides:

(a) If a person against whom a claim is asserted proves that (1) that person in good faith tendered an instrument to the claimant as full satisfaction of the claim, (2) the amount of the claim was unliquidated or subject to a bona fide dispute, and (3) the claimant obtained payment of the instrument, the following subsections apply.

(b) Unless subsection (c) applies, the claim is discharged if the person against whom the claim is asserted proves that the instrument or an accompanying written communication contained a conspicuous statement to the effect that the instrument was tendered as full satisfaction of the claim.

(c) Subject to subsection (d), a claim is not discharged under subsection (b) if either of the following applies:

(1) The claimant, if an organization, proves that (A) within a reasonable time before the tender, the claimant sent a conspicuous statement to the person against whom the claim is asserted that communications concerning disputed debts, including an instrument tendered as full satisfaction of a debt, are to be sent to a designated person, office or place, and (B) the instrument or accompanying communication was not received by that designated person, office or place.

(2) The claimant, whether or not an organization, proves that within 90 days after payment of the instrument, the claimant tendered repayment of the amount of the instrument to the person against whom the claim is asserted. This paragraph does not apply if the claimant is an organization that sent a statement complying with paragraph (1)(A).

(d) A claim is discharged if the person against whom the claim is asserted proves that within a reasonable time before collection of the instrument was initiated, the claimant, or an agent of the claimant having direct responsibility with respect to the disputed obligation, knew that the instrument was tendered in full satisfaction of the claim.

Muehlberger does not dispute that the check and accompanying letter contained conspicuous statements that identified the Check as being tendered in full satisfaction of McQuaid's entire debt. In addition, neither of the parties question the existence of a bona fide dispute. In light of the absence of dispute and the record presented, the Court finds that McQuaid tendered a check as full satisfaction of a claim that was subject to bona fide dispute, that the instrument and accompanying written communication contained conspicuous statements to the effect that the instrument was tendered as full satisfaction of the claim, and that Muehlberger obtained payment of the instrument. Thus the prerequisites of K.S.A. § 84–3–311(b) for discharging the claim are satisfied. Therefore, the Court must look to K.S.A. § 84–3–311(c) to determine whether an exception to discharge exists.

■ Although Mr. Wallace directed McQuaid to send payments to his office,

**3.** *See In re Wise*, 346 F.3d 1239, 1241–42 (10th Cir.2003) (citing *Butner v. United States*, 440 U.S. 48, 54–55, 99 S.Ct. 914, 59 L.Ed.2d 136 (1979)).

K.S.A. § 84–3–311(c)(1) requires a "conspicuous statement to the person against whom the claim is asserted that communications concerning disputed debts, *including an instrument tendered as full satisfaction of a debt,* are to be sent to a designated person, office or place."[4] There is no evidence in the record to support concluding that Mr. Wallace directed McQuaid to do anything other than send any payments directly to his office. In other words, Mr. Wallace's notice to McQuaid that they should send any payments to his office does not satisfy the specific requirements of K.S.A. § 84–3–311(c)(1) because, as the stipulated facts reflect, he did not specifically address communications concerning disputed debts or instruments tendered as full satisfaction of debt. Had Mr. Wallace informed McQuaid by conspicuous statement that communications concerning disputed debts, including an instrument tendered as full satisfaction of a debt, were to be sent to his office, the Check would not constitute a full accord and satisfaction. Such is not the case here.

K.S.A. § 84–3–311(c)(2) is also inapplicable because Muehlberger did not return McQuaid's payment. As neither K.S.A. § 84–3–311(c)(1) nor (c)(2) apply, K.S.A. § 84–3–311(d) is also inapplicable. As a result, the underlying debt between Muehlberger and McQuaid was discharged and McQuaid, accordingly, no longer owes a debt that is property of Muehlberger's bankruptcy estate and subject to turnover.

### Conclusion

The debt underlying Muehlberger's complaint was subject to a full accord and satisfaction pursuant to K.S.A. § 84–3–311 and is not subject to turnover pursuant to 11 U.S.C. § 542. McQuaid is therefore entitled to judgment.

4. K.S.A. § 84–3–311(c)(1) (emphasis added).

The foregoing discussion shall constitute findings of fact and conclusions of law under Fed. R. Bankr.P. 7052 and Fed. R.Civ.P. 52(a). A judgment reflecting this ruling will be entered on a separate document in compliance with Fed. R. Bankr.P. 9021 and Fed.R.Civ.P. 58.