# United States Bankruptcy Appellate Panel
## FOR THE EIGHTH CIRCUIT

_____

No. 12-6037

_____

| | | |
|---|---|---|
| In re: | * | |
| | * | |
| Abdullah I. Abdul-Rahim, formerly | * | |
| known as Larry Hickson, and | * | |
| Stephanie A. Abdul-Rahim, | * | |
| | * | |
| Debtors. | * | |
| | * | |
| Abdullah I. Abdul-Rahim and | * | Appeal from the United States |
| Stephanie A. Abdul-Rahim | * | Bankruptcy Court for the Eastern |
| | * | District of Missouri |
| Debtors -Appellants, | * | |
| | * | |
| v. | * | |
| | * | |
| John V. LaBarge, Jr., | * | |
| | * | |
| Trustee - Appellee. | * | |
| | * | |

_____

Submitted: September 12, 2012
Filed: September 21, 2012

_____

Before KRESSEL, Chief Judge, FEDERMAN and NAIL, Bankruptcy Judges.

_____

KRESSEL, Chief Judge.

The bankruptcy court[1] denied the debtors a claimed exemption in an unliquidated personal injury claim. On appeal, the debtors argue that the Eighth Circuit precedent relied upon by the bankruptcy court is erroneous and we should disregard it and reverse. We decline the debtors' invitation and affirm the bankruptcy court.

## BACKGROUND

The background of this case is simple. The debtors filed a chapter 13 petition on August 3, 2011, and in an amended schedule C, claimed a personal injury claim as exempt under Mo. Rev. Stat. § 513.427 and Missouri common law. The trustee objected to the exemption and the bankruptcy court, relying on the Eighth Circuit's opinion in *Benn v. Cole (In re Benn)*, 491 F.3d 811 (8th Cir. 2007), disallowed the exemption.

## DISCUSSION

The disposition of this appeal is equally simple. The debtors rely first on Mo. Stat. § 513.427. However, the Eighth Circuit explicitly held that that section was not an exemption statute. *Benn, supra.* It said "section 513.427 opts out of the federal exemptions listed in 11 U.S.C. § 522(d), but announces no new exemptions under Missouri law. The statute simply provides that where another Missouri *statute* specifies that certain property is exempt from attachment and execution, then a debtor may exempt that property from the bankruptcy estate." *Benn*, 491 F.3d at 814.

The debtors alternatively argue that they can exempt their personal injury claim under Missouri "common law." However, the Eighth Circuit in *Benn* also held that

---

[1] The Honorable Kathy A. Surratt-States, United States Bankruptcy Judge for the Eastern District of Missouri.

2

"in the context of 11 U.S.C. §522, [exemption] refers to laws enacted by the legislative branch which explicitly identify property that judgment debtors can keep away from creditors for reasons of public policy." *Benn*, 491 F.3d at 814 (citations omitted). By definition, common law does not meet the Eighth Circuit's requirement that an exemption be created by the legislative branch. At bottom, the debtors are confusing the concept of a bankruptcy exemption with a creditor's inability to attach certain assets because of their inchoate nature.[2]

The debtors lastly have a litany of arguments based on Supreme Court opinions from *Erie Railroad Co. v. Tompkins*, 304 U.S. 64 (1938) through *Butner v. United States*, 440 U.S. 48 (1979) and the Constitution's bankruptcy clause's uniformity requirement. However, what the debtors fail to appreciate is that in *Benn,* the Eighth Circuit was interpreting federal law, specifically what Congress meant when it used the word "exemption" throughout § 522.

## CONCLUSION

Because the debtors' arguments raise issues already decided by the Eighth Circuit, we are compelled by principles of *stare decisis* to affirm the bankruptcy court's disallowance of the debtors' exemption.

--------

[2] In fact, while the debtors refer us to Missouri cases that they argue make personal injury claims exempt, they do not use the word exempt, but only hold that such claims are not attachable because of their contingent or unliquidated nature.