# United States Bankruptcy Appellate Panel

## For the Eighth Circuit

_____

No. 13-6012

_____

In re: Laura Elizabeth Mehlhaff, also known as Laura N. Mehlhaff, also known as
Laura Noble Mehlhaff

*Debtor*

------------------------------

Laura Elizabeth Mehlhaff

*Debtor - Appellant*

v.

Forrest C. Allred

*Trustee - Appellee*

_____

Appeal from United States Bankruptcy Court
for the District of South Dakota - Pierre

_____

_____

Before FEDERMAN, Chief Judge, SCHERMER and SHODEEN, Bankruptcy Judges.

_____

FEDERMAN, Chief Judge

Debtor Laura Elizabeth Mehlhaff appeals from the Bankruptcy Court's Order[1] finding that her prepetition claim against her former spouse for alimony is property of her bankruptcy estate, and ordering her to turn that claim over to the Trustee. For the reasons that follow, we AFFIRM.

## FACTUAL BACKGROUND

At the time the Debtor filed her Chapter 7 bankruptcy petition on June 19, 2012, the Debtor's former spouse was obligated under a prepetition divorce decree to pay her alimony in the amount of $200 per month until their minor child turns eighteen years old. According to the Debtor, the minor child will turn eighteen in December 2014.[2] The Debtor properly included the alimony award on her schedules as both an asset on Schedule B and income on Schedule I, and did not claim any portion of the alimony exempt. The Chapter 7 Trustee filed a motion for turnover of the alimony award, which the Debtor opposed. The Trustee then filed a Motion for Judgment on the Pleadings, to which the Debtor also responded.

_____

[1] The Honorable Charles L. Nail, Jr., United States Bankruptcy Judge for the District of South Dakota.

[2] In addition to the alimony, the former spouse was also obligated to pay the Debtor an additional $219 in child support. The child support is not at issue here.

2

Because the pleadings included several documents as attachments, the Court treated the Motion as a motion for summary judgment and allowed the parties to present any additional materials pertinent to a motion for summary judgment pursuant to Federal Rule of Civil Procedure 12(d).[3] As authorized by the Court, the Trustee filed a supplement to respond to the Debtor's arguments. No one asserts that the Bankruptcy Court committed procedural error in treating the Motion as one for summary judgment.

Relying on its recent decision in *In re Steen*,[4] the Bankruptcy Court held that the Debtor's alimony award was property of her bankruptcy estate pursuant to 11 U.S.C. § 541(a)(1), granted summary judgment in favor of the Trustee, and ordered the Debtor to turn her alimony award over to the Trustee. The Debtor appeals.

## STANDARD OF REVIEW

Rule 56(a) provides that "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[5] Here, there is no dispute as to the material facts; rather, the Debtor asserts that the Bankruptcy Court erred in its application of the law to the facts. Our review is, therefore, *de novo*.[6]

---

[3] Fed. R. Civ. P. 12(d), made applicable here by Fed. R. Bankr. P. 7012(b).

[4] 2012 WL 1252668 (Bankr. D. S.D. April 13, 2013).

[5] Fed. R. Civ. P. 56(a), made applicable here by Fed. R. Bankr. P. 7056.

[6] *Peter v. Wedl*, 155 F.3d 992, 996 (8th Cir. 1998) (review of the bankruptcy court's grant of summary judgment is *de novo*).

**DISCUSSION**

The bankruptcy estate includes "all legal or equitable interests of the debtor in property as of the commencement of the case," wherever located and by whomever held.[7] The nature and extent of a debtor's interest in property are determined by state law.[8] However, once the nature and extent of the debtor's interest is determined under state law, federal bankruptcy law dictates to what extent that interest is property of the estate.[9]

Although § 541(a)(1) is broad and is intended to include property of all descriptions,[10] certain types of property are expressly excluded from the bankruptcy estate under § 541.[11] Such excluded property includes powers that the debtor may exercise solely for the benefit of another, interests as a lessee under certain types of leases, and some types of accounts for retirement or education purposes.[12] In addition, as the Bankruptcy Court pointed out, property that is subject to a restriction on transfer that is enforceable under "applicable

---

[7] 11 U.S.C. § 541(a)(1).

[8] *Butner v. United States*, 440 U.S. 48, 54, 99 S.Ct. 914, 59 L.Ed.2d 136 (1979).

[9] *N.S. Garrott & Sons v. Union Planters Nat'l Bank of Memphis* (*In re N.S. Garrott & Sons*), 772 F.2d 462, 466 (8th Cir. 1985).

[10] *In re Cent. Arkansas Broad. Co.*, 68 F.3d 213, 214 (8th Cir. 1995) ("The scope of [§ 541(a)(1)] is very broad and includes property of all descriptions, tangible and intangible, as well as causes of action.") (quoting *Whetzal v. Alderson*, 32 F.3d 1302, 1303 (8th Cir. 1994)).

[11] 11 U.S.C. § 541(b), (c)(2), and (d); *In re Steen*, 2012 WL 1252668 at *2.

[12] 11 U.S.C. § 541(b)(1), (2), (3), (5), (6), and (7); *In re Steen*, 2012 WL 1252668 at *2.

nonbankruptcy law," such as spendthrift trusts and social security benefits, are also expressly excluded from the bankruptcy estate.[13]

As the party asserting that the alimony award is property of the estate subject to turnover, the Trustee bears the burden of proving that it is.[14] If the Trustee is able to make a *prima facie* case, the burden shifts to the Debtor to show that the asset is excluded from the estate, although the final burden rests with the proponent.[15] Finally, if property is determined to be property of the estate, § 522(b) of the Bankruptcy Code permits a debtor to withdraw some of it by a claim of exemption, as determined by state law or § 522(d). South Dakota has opted out of the federal exemption scheme,[16] and so the Debtor is limited to the exemptions provided by South Dakota law.

As stated, the issue here is whether the Debtor's right to ongoing alimony, pursuant to the prepetition divorce decree, is property of her bankruptcy estate. The Debtor relies primarily on *Kelly v. Jeter*[17] which, applying Nebraska law, held that alimony payments received within the 180 days postpetition are not property of the estate under § 541(a)(5)(B). Section 541(a)(5)(B) provides that the estate includes:

---

[13]   *In re Steen*, 2012 WL 1252668 at *2 (citing 11 U.S.C. § 541(c)(2); *Patterson v. Shumate*, 504 U.S. 753, 756–765, 112 S.Ct. 2242, 119 L.Ed.2d 519 (1992) (spendthrift trust); *Wear v. Green* (*In re Green*), 967 F.2d 1216, 1217 (8th Cir.1992) (spendthrift trust); *Carpenter v. Ries* (*In re Carpenter*), 614 F.3d 930, 936–37 (8th Cir .2010) (social security benefits)).

[14]   *Evans v. Robbins*, 897 F.2d 966, 968 (8th Cir. 1990); *DeBold v. Case* (*In re Tri–River Trading, LLC*), 329 B.R. 252, 263–64 (B.A.P. 8th Cir. 2005), *aff'd*, 452 F.3d 756 (8th Cir. 2006).

[15]   *Evans v. Robbins*, 897 F.2d at 968; *Tri-River Trading*, 329 B.R. at 263.

[16]   S.D. Codified Laws § 43-45-13.

[17]   *Kelly v. Jeter* (*In re Jeter*), 257 B.R. 907 (B.A.P. 8th Cir. 2001).

Any interest in property that would have been property of the estate if such interest had been an interest of the debtor on the date of the filing of the petition, and that the debtor acquires or becomes entitled to acquire within 180 days after such date . . . as a result of a property settlement agreement with the debtor's spouse, or of an interlocutory or final divorce decree.[18]

Thus, § 541(a)(5)(B) provides that, in addition to rights a debtor holds as of the date of bankruptcy, the estate also includes rights arising out of a property settlement entered within 180 days after bankruptcy. In *Kelly v. Jeter*, the BAP held that alimony payments received within the 180 days postpetition were not property of the estate by virtue of § 541(a)(5)(B) because "on its face and by its plain language, § 541(a)(5)(B) does not reach alimony awards." The Debtor asserts that, as in *Kelly v. Jeter*, her alimony payments are not property of the estate by virtue of § 541(a)(5)(B).

As the Bankruptcy Court did, we agree with the Debtor that her alimony award is not property of the estate by virtue of § 541(a)(5)(B). But, the question here, which the panel in *Kelly v. Jeter* was not called upon to decide, is whether, applying South Dakota law, the Debtor's alimony award is property of the estate under the expansive category of "all legal or equitable interests of the debtor in property as of the commencement of the case" in § 541(a)(1). Critically, the right to such alimony did not vest after the bankruptcy, but before, when the judgment awarding alimony to the Debtor was entered. Therefore, § 541(a)(5)(B) and *Kelly v. Jeter* are beside the point.

Section 541(a) includes causes of action existing at the time of the commencement of the bankruptcy case.[19] When a debtor has obtained a

---

[18]  11 U.S.C. § 541(a)(5)(B).

[19]  *In re Cent. Arkansas Broad. Co.*, 68 F.3d at 214 ("The scope of [§ 541(a)(1)] is very broad and includes property of all descriptions, tangible and

prepetition judgment against another party, the estate succeeds to all rights under such judgment.[20] And, upon the filing of a bankruptcy petition, the trustee steps into the debtor's shoes and takes whatever interests the debtor has on the petition date.[21] On the petition date here, the Debtor had an interest in a prepetition judgment awarding her alimony payments, and the Trustee takes whatever interest she has in the alimony award.

The Debtor cites no South Dakota case holding that the right to alimony is not an interest in property. Rather, the Supreme Court of South Dakota has held that a person's right to receive alimony payments is a right which can be subject to attachment of an attorney's lien. In *Jasper v. Smith*,[22] the attorney who represented the wife through part of her divorce action served notice of his attorney's lien against the wife's right to future alimony payments. The trial court ruled that the attorney's lien could not attach to the alimony on public policy grounds. Reversing, the Supreme Court ruled that the attorney's lien could attach to those payments, public policy notwithstanding:

> This Court has not previously addressed the issue of whether attachment of an attorney's lien to an alimony award violates the public policy of this state. We can find nothing in our review of the

---

intangible, as well as causes of action.") (quoting *Whetzal v. Alderson*, 32 F.3d 1302, 1303 (8th Cir. 1994)).

[20] 5 *Collier on Bankruptcy* ¶ 541.07[4] (Alan N. Resnick & Henry J. Sommer eds., 16th ed.); *In re Tradewinds Airlines, Inc.*, 2009 WL 393858 at *3 (Bankr. S.D. Fla. Feb. 10, 2009) ("As the sole holder of the Judgment entered in the North Carolina action, TradeWinds has both a legal and equitable interest in the Judgment. Where a cause of action belonging to the debtor has been merged into judgment prior to bankruptcy, the estate succeeds to all rights under such judgment.") (citing *Collier*; internal quotation marks omitted).

[21] *Stumpf v. Albracht*, 982 F.2d 275, 277 (8th Cir. 1992); 5 *Collier on Bankruptcy*, ¶ 541.07.

[22] 540 N.W.2d 399 (S.D. 1995).

constitution, statutes, and case law of this state, however, which would prohibit an attorney's lien against an award of alimony provided a valid contract for fees existed between attorney and client. *An examination of the statutes shows the legislature has seen fit to exempt certain property from the attachment process in SDCL ch. 43-45 but alimony is not one of them*. Under SDCL 28-7-16, payments made to aid dependent children are also protected from attachment. The existence of these statutes indicates the legislature knows how to exempt property from attachment of a lien when it deems it in the best interest of the state to do so. *See Sander v. Geib, Elston, Frost Pro. Ass'n*, 506 N.W.2d 107, 124 (S.D.1993) (showing when legislature wants to include an entity as a beneficiary of its enactments it also knows how to do so). *See also Last v. Last*, 438 N.W.2d 122, 123 (Minn.Ct.App.1989) (court found statute which listed categories of property as exempt from garnishment, but which did not list spousal maintenance, did not preclude attachment of attorney's lien).[23]

We agree with the Bankruptcy Court that, if alimony is the kind of property right to which a lien can attach, it is the kind of property right that becomes property of the estate when a bankruptcy is filed. And, as the Bankruptcy Court held, the fact that the award is modifiable only affects the amount of alimony the bankruptcy estate might ultimately receive, not the estate's right to receive it.[24]

---

[23] *Id.* at 403-04 (footnote omitted; emphasis added).

[24] *Law v. Stover* (*In re Law*), 336 B.R. 780, 782 (B.A.P. 8th Cir. 2006), *cited in Wetzel v. Regions Bank*, 649 F.3d 831, 835 (8th Cir. 2011) ("Property of the estate includes contingent interests in future payments."). Similarly, courts have even held that an annuity payable in installments for the debtor's lifetime is property of the estate, subject only to available exemptions. *See, e.g., In re Hughes*, 318 B.R. 704 (Bankr. W.D. Mo. 2004) (holding that debtor's right to receive payments under annuity purchased in connection with settlement of prepetition personal injury claim was property of the estate); *see also In re Bonuchi*, 322 B.R. 868 (Bankr. W.D. Mo. 2005) (determining whether annuity purchased pursuant to a settlement on a workers' compensation claim was exempt, thus presuming that it was property of the estate).

The Debtor asserts that the purpose of an alimony award – often to provide a spouse with assistance in obtaining the necessities of life until the spouse is able to do so independently – takes such an award out of the purview of § 541(a)(1). But the purpose of the alimony award, however laudable, does not determine whether it is "an interest in property" under the applicable state law. Many judgments – such as personal injury judgments, for example – are awarded to provide a party with future income or to assist the party with future necessities of life, but such judgments are nevertheless property of the estate, albeit sometimes protected by exemptions.[25]

The Debtor also asserts that future alimony awards should not be property of a debtor's bankruptcy estate for public policy reasons, arguing that alimony should be treated as a "personal" – not property – right.[26] Although the panel in *Kelly v. Jeter* mentioned policy reasons in support of its holding that spousal maintenance is not property of the estate by virtue of Nebraska law and § 541(a)(5)(B), courts should generally turn to public policy only as a tool in interpreting ambiguous laws, not as a basis for achieving a result contrary to such laws. Here, we conclude that § 541(a)(1) is unambiguously broad enough to include alimony awards, provided that such an award is considered to be an "interest in property" under

---

[25] *See, e.g., In re Abdul-Rahim*, 472 B.R. 904, 906 (Bankr. E.D. Mo. 2012) ("A personal injury claim is part of a bankruptcy estate insofar that it is a legal and equitable interest of a debtor."), *aff'd* 477 B.R. 747 (B.A.P. 8th Cir. 2012), *appeal docketed*, No. 12-3448 (8th Cir. Oct. 17, 2012) (appealed on the issue of whether personal injury claims are exempt under Missouri law, not whether they are property of the estate); *In re Colombo*, 325 B.R. 587, 594 (Bankr. N.D. Iowa 2005) ("A personal injury claim arising pre-petition becomes property of the estate in its entirety," regardless of whether the claim is unliquidated on the date of filing).

[26] *See In re Wise*, 346 F.3d 1239 (10th Cir. 2003) (concluding that spousal maintenance was a "personal statutory right" under Colorado law); *In re Mitchem*, 309 B.R. 574 (Bankr. W.D. Mo. 2004) (following *Wise*, and holding that maintenance was not an asset of the bankruptcy estate because it was a personal right to income in the future and debtor's right to receive it did not vest until each maintenance payment was due and payable).

applicable state law. The Debtor has not cited any South Dakota law suggesting that alimony is anything other than an interest in property. We are not persuaded by the Tenth Circuit's decision *In re Wise*,[27] cited by the Debtor, because that case interpreted Colorado law. In South Dakota, when the Supreme Court said that alimony was not exempt from the attachment of a lien under South Dakota Statutes, and expressly suggested that if the legislature wanted it to be exempt, it knew how to do so, the Court clearly indicated that it views alimony as a type of attachable property right.[28] And, significantly, the South Dakota Supreme Court expressly rejected public policy as a basis to protect alimony from at least certain kinds of creditors.[29]

It is also noteworthy that Congress has provided a specific exemption for future alimony payments, based no doubt on the presumption that such right would be treated as an asset of the estate.[30] Unfortunately for South Dakota debtors, their legislature has not chosen to favor them with a similar exemption.[31] That fact, however, does not alter our conclusion that an award in existence on the date of the bankruptcy filing is an asset of the debtor's estate.[32]

---

[27] 346 F.3d 1239.

[28] *Jasper v. Smith*, 540 N.W.2d at 403-04.

[29] *Id.*

[30] 11 U.S.C. § 522(d)(10)(D).

[31] South Dakota has opted out of the federal exemption scheme, S.D. Codified Laws 43-45-13, and as discussed in *Jasper v. Smith*, the South Dakota legislature has not expressly provided an exemption for alimony, *per se*.

[32] We note that, in contrast to alimony, child support would not likely be property of the estate because, under South Dakota law, child support is for the child's benefit and is not considered to be a debt due the custodial parent. *Vander Woude v. Vander Woude*, 501 N.W.2d 361 (S.D. 1993) (*citing Peterson v. Peterson*, 434 N.W.2d 732, 738 (S.D. 1989)); *Jasper v. Smith*, 540 N.W.2d 3at 405. *See also In re Steen*, 2012 WL 1252668 at *4.

In any event, the issue here is whether South Dakota law views a right to alimony as anything other than "an interest of the debtor in property." As stated above, the Debtor here has not shown that the right to alimony payments is different from any other stream of payments someone may have been ordered to pay to her under South Dakota law. Therefore, we conclude that it fits within the broad definition under § 541(a)(1), and is not expressly excluded by § 541(b) or (c)(2). It is, therefore, property of the estate, subject to any exemptions the Debtor may have under South Dakota law. The Bankruptcy Court's Order is, therefore, AFFIRMED.

_____